## HEAD *v.* RICHARDSON & Tr.

If one agree to pay the debt of another for a good consideration received at the time, from the precedent debtor, and the creditor in consideration of such undertaking, discharge such precedent debtor, and accept such undertaking in place of the old debt, the party so agreeing will become the debtor, and will be chargeable as the trustee of the original creditor.

FOREIGN ATTACHMENT. The trustee disclosed as follows:

"Sometime in September 1842, I think, I bought out Mr. Croker's interest in the team property owned by George Dodge and John T. Croker. At that time there were two notes against said Dodge and Croker in favor of Seth Richardson. Each of them were for $100. I gave Croker a bond to pay his part of said notes, which was one half of each. Before this suit was commenced we had paid one of the notes. It was understood by the principal defendant in this suit, Croker, and myself, that Croker was to be discharged from all liability on said notes, and I was substituted in his place. Said Richard-

son has both before and since the service of the writ in this suit called upon me for the payment of said note. On the same day and before I was trusteed I saw said Richardson between Lisbon and Bath upper village. I was going to Boston; he requested me to pay one John West of Boscawen about thirteen dollars for him, and take a receipt from West for the same, and he said he would indorse the same on the note. I saw said Richardson sometime in the March following, and told him that I had been trusteed. He replied that he knew I had, but said if I would pay him he would see Head and make it right, to which I said that I could not till I was discharged from this trustee suit. He told me at this time that he had the note and mortgage."

*J. L. Carleton,* for the plaintiff.

*Burns,* for the trustee.

GILCHRIST, J. The question arising in this case, is determined by the principle settled in the case of *Heaton* v. *Angier,* 7 N. H. 397, which is the same with that of *Tatlock* v. *Harris,* 3 D. & E. 180, upon which that case is based.

Laying aside so much of the evidence as relates to the contract between Croker and Head, the purchase by Head of Croker's interest in the team property, and the bond given by Head to indemnify Croker against his note to Richardson, we have the agreement between Croker, Richardson, and Head, that Croker was to be discharged from all liability on the notes, and that Head the trustee was to be substituted in his place.

Now in the case of *Heaton* v. *Angier,* the defendant had bought of the plaintiff a wagon for which he was to pay him a certain sum. By an arrangement between those two parties and one Chase, the latter having received the wagon of Angier, became the debtor of the plaintiff for

its price, and Angier was discharged. It was held in an action brought by Heaton against Angier for the price of the wagon, that he was discharged by the agreement by which Chase became the debtor.

That case is directly in point to show that by the arrangement that was made beween the three parties, Head became the debtor of the defendant to the extent of one half the notes, instead of Croker, who thereupon ceased to be such in respect to that half.

Nor does the fact that the indebtedness of Croker was evidenced by a promissory note, take the case out of this principle. The note is only the evidence of the debt, which may yet be extinguished, leaving this evidence of its existence to remain.

In this case there was an obvious reason for retaining the notes, since Dodge was still to be holden for his half, at least if the effect of the agreement was such as to release him from his liability to answer for the default of the other party.

We therefore think that the trustee must be charged for a certain sum of money, and his disclosure renders it easy enough to ascertain the amount. One of the notes which Croker and Dodge owed Richardson had been paid before the suit was commenced. The trustee having agreed to pay one half of each, has now to pay one half of that which remains unpaid. That note is described with precision, so that the amount due can readily be reckoned, from which deducting $13, which was paid by the trustee to West, at the request of Richardson, the balance is the amount for which he is chargeable.

*Trustee charged.*